UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

CRIMINAL CASE NO. 06-20531
HON. LAWRENCE P. ZATKOFF

v.

ROBERT SHABA,

        Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 2, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Defendant's Motion for an Order Requiring the United States Probation Department to Amend the Presentence Investigation Report (the "PSR") (Docket #39). Defendant asks the Court to order the Probation Department to strike from the PSR: (a) any reference to a weapon found at the Defendant's home, and (b) the Probation Department's recommendation of a two-level enhancement under the Sentencing Guidelines.

On May 31, 2007, the Court held a sentencing hearing. At the hearing, Defendant's counsel raised an objection to the Probation Department's recommendation that Defendant receive a two-level enhancement for possessing a weapon during the commission of the drug offense to which he pled guilty. After hearing defense counsel's argument and the Government attorney's concurrence in Defendant's objection, the Court granted Defendant's objection and did not assess Defendant the two-level weapon enhancement. The Court was not asked at the hearing to strike references to the

weapon or to strike the Probation Department's recommendation of the two-level enhancement.  In the instant Motion, Defendant asks the Court to have both of those items struck from the PSR.  Defendant believes that he can get credit for serving in a drug treatment program while imprisoned at Morgantown, West Virginia, if the items are struck from the PSR, but he also believes that he will not get such credit if those items are not struck, even if he completes the program.

In reviewing the PSR, the Court finds that the reference to the weapon in the PSR is a matter of fact:  the weapon was found in Defendant's home when Defendant's home was searched.  Neither the Defendant nor any other person has disputed that the weapon was present in Defendant's home when it was searched.  This is not a case where the accuracy of the PSR is at issue.  As such, this Court does not find it appropriate, and it will not enter an order, to strike factual information from a PSR just because that factual information is detrimental to the Defendant.

As to striking the Probation Department's recommendation, the Court notes that it previously agreed with Defendant that the weapon was not used in connection with the underlying offense.  For that reason, the Court did not impose a two-level enhancement.   Further, as the parties should be aware, the Court's rejection of the two-level enhancement for the weapon was expressly noted in the "Statement of Reasons" attached to Defendant's "Judgment in a Criminal Case."  Accordingly, the Court does not believe that an order to strike the Probation Department's recommendation of a two-level enhancement is necessary or appropriate; that recommendation was simply the Probation Department's position, not a conclusion of the Court.

Accordingly, for the reasons set forth above, the Court DENIES Defendant's Motion.

IT IS SO ORDERED.

                                         s/Lawrence P. Zatkoff
                                         LAWRENCE P. ZATKOFF
                                         UNITED STATES DISTRICT JUDGE

Dated: November 2, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 2, 2007.

                                         s/Marie E. Verlinde
                                         Case Manager
                                         (810) 984-3290